# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN RODRIGUEZ-ZAMORA, | CASE NO. 1:09-CR-00084-LJO |
| Movant, | **ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |
| vs. | |
| UNITED STATES, | (Doc. 14) |
| Respondent. | |

## INTRODUCTION

Adrian Rodriguez-Zamora ("Mr. Rodriguez-Zamora") is a federal prisoner and proceeds pro se to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). He asserts an ineffective assistance of counsel claim and a challenge to his sentence. Having considered the arguments presented, this Court DENIES Mr. Rodriguez-Zamora's motion.

## BACKGROUND

Mr. Rodriguez-Zamora is a native and citizen of Mexico. (Doc. 10, p. 6:20). He is not a United States' citizen. (Doc. 10, p. 6:20). On April 8, 2003, he was convicted of possession of cocaine for sale, in violation of California Health and Safety Code § 11358, a crime punishable by a term of imprisonment exceeding one year. (Doc. 10, p. 6:26). Mr. Rodriguez-Zamora was sentenced to four years imprisonment. (Doc. 10, p. 6:28). On or about April 28, 2005, Mr. Rodriguez-Zamora was removed from the United States. (Doc. 10, p. 6:21). On May 22, 2007, Mr. Rodriguez-Zamora was

found in the Eastern District of California. (Doc. 10, p. 6:23). Mr. Rodriguez-Zamora's re-entry into the United States was without the permission of the United States Attorney General or the Secretary of the Department of Homeland Security. (Doc. 10, p. 6:25).

On February 26, 2009, Mr. Rodriguez-Zamora was indicted for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). (Doc. 1). On November 13, 2009, he entered into a plea agreement with the government. (Doc. 10). In the agreement, Mr. Rodriguez-Zamora promised to plead guilty to the indictment (Doc. 10, p. 2:19-21) and to waive his right to appeal and collaterally attack his conviction and sentence (Doc. 10, p. 3:17-23).[1] In exchange, the government agreed to recommend a sentence of 51-months imprisonment. (Doc. 10, p. 6:12-14).

A combined plea and sentencing hearing was held in which Mr. Rodriguez-Zamora pled guilty to the indictment. (Doc. 15, p. 10:14-11:5). During the plea portion of the hearing, Mr. Rodriguez-Zamora confirmed that he understood that he was waiving his right to appeal. (Doc. 15, p. 8:12-20). Mr. Rodriguez-Zamora was sentenced to 51-months imprisonment and 36-months of supervised release. (Doc. 15, p. 13:1-9). During the sentencing portion of the hearing, the Court noted that Mr. Rodriguez-Zamora's term of supervised release would be "unsupervised if deported." (Doc. 15, p. 13:9-10). At the end of the hearing, the Court reiterated the fact that Mr. Rodriguez-Zamora waived his appellate rights. (Doc. 15, p. 14:5).

The judgment was entered on November 20, 2009. (Doc. 12). The Court imposed a special condition of supervised release which required Mr. Rodriguez-Zamora to surrender to immigration officials upon completion of his term of imprisonment for removal proceedings. (Doc. 12, p. 4).

On April 15, 2012, Mr. Rodriguez-Zamora filed the instant section 2255 motion. (Doc. 14). Mr. Rodriguez-Zamora raises an ineffective assistance of counsel claim and a challenge to his sentence. (Doc. 14).

Having considered Mr. Rodriguez-Zamora's arguments and the relevant law, this Court issues

---

[1] The waiver specifically provides:
. . .the defendant knowingly and voluntarily agrees to waive all Constitutional and statutory rights to appeal her conviction and sentence, including, but not limited to an express waiver of appeal of this plea . . . and to attack collaterally her mental competence, and her plea, or her sentence, including but not limited to, filing a motion under 28 U.S.C. § 2255 . . .
(Doc. 10, p. 3:17-23).

this order.

**DISCUSSION**

**A. Ineffective Assistance of Counsel**[2]

Pursuant to *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), Mr. Rodriguez-Zamora contends that he received ineffective assistance of counsel when counsel failed to advise him that he would be deported as a result of his guilty plea. Mr. Rodriguez-Zamora argues that his guilty plea was not knowing or voluntary because he did not know that pleading guilty would result in mandatory removal from the United States. Mr. Rodriguez-Zamora further asserts that if he knew he would be deported he would not have pled guilty and would have attempted to obtain a different agreement or would have gone to trial.

**1. Timeliness**

A one year period of limitation applies to section 2255 motions. 28 U.S.C. § 2255(f). Typically, the limitation period runs from the date on which the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). However, the limitation period may also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id*. § 2255(f)(3).

Mr. Rodriguez-Zamora's conviction became final on December 4, 2009.[3] Thus, he had one year from this date to file his section 2255 motion. Pursuant to the mailbox rule, Mr. Rodriguez-Zamora filed his section 2255 motion on April 15, 2012. (Doc. 14, p. 7). *See Lewis v. Mitchell*, 173 F. Supp. 2d

---

[2] Although Mr. Rodriguez-Zamora's plea agreement contains a collateral attack waiver, a collateral attack waiver cannot bar ineffective assistance of counsel claims associated with the knowing and voluntary nature of a plea. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) ("a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver"); *see also United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (doubting whether "a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain"). Accordingly, Mr. Rodriguez-Zamora's ineffective assistance of counsel claim is not barred by the waiver.

[3] If the movant does not pursue a direct appeal, as is the case here, the conviction becomes final fourteen days after entry of the district court's judgment. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (recognizing that the date on which a judgment of conviction becomes final is the date on which the time to file an appeal expires); *see also* FED. R. APP. P. 4(b) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the judgment . . ."). Here, the judgment was entered on November 20, 2009. (Doc. 12). Thus, the one year limitation period started to run on December 4, 2009.

1057, 1058 n.1 (C.D. Cal. 2001) (using the date petitioner's habeas petition was signed as the filing date for statute of limitations purposes). Thus, Mr. Rodriguez-Zamora filed his section 2255 motion more than one year late and the motion is untimely under section 2255(f)(1).

Although Mr. Rodriguez-Zamora's motion is untimely based on the date his judgment of conviction became final, this does not foreclose the possibility that Mr. Rodriguez-Zamora's motion is timely based on the filing date of *Padilla*. Section 2255(f)(3) provides that the limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court has held that the date from which the one year limitation period is measured is the date on which the right asserted was initially recognized by the Supreme Court. *Dodd v. United States*, 545 U.S. 353, 358-59 (2005).

Pursuant to *Padilla*, Mr. Rodriguez-Zamora contends that he received ineffective assistance of counsel when counsel failed to advise him that he would be deported as a result of his guilty plea. In *Padilla*, the Supreme Court determined that "counsel must inform her client whether his plea carries a risk of deportation" and that failure to do so could constitute deficient performance under *Strickland*. *Padilla*, 130 S. Ct. at 1486. *Padilla* is silent regarding whether it articulates a "newly recognized right" and whether it is retroactively applicable to cases on collateral review.[4] However, even assuming, without deciding, that *Padilla* articulated a "newly recognized right" and is retroactively applicable to cases on collateral review, Mr. Rodriguez-Zamora's motion is still untimely. *Padilla* was decided on March 31, 2010. *Id*. at 1473. Mr. Rodriguez-Zamora had one year from that date to file his motion. *See Dodd*, 545 U.S. at 357. Mr. Rodriguez-Zamora did not file his motion until April 15, 2012, thus,

---

[4] The Ninth Circuit has yet to decide the retroactive applicability of *Padilla* and the Circuits that have addressed the issue are split. *See United States v. Amer*, No. 11-60522, 2012 WL 1621005, *3 (5th Cir. May 9, 2012) (not retroactive); *Figuereo-Sanchez v. United States*, No. 10-14235, 2012 WL 1499871, *4-6 (11th Cir. May 1, 2012) (Court assumed without deciding that *Padilla* announced a new right and explicitly held that *Padilla* did not announce a watershed rule of criminal procedure and thus, did not apply retroactively); *United States v. Chang Hong*, 671 F.3d 1147 (10th Cir. 2011) (not retroactive); *Chaidez v. United States*, 655 F.3d 684 (7th Cir. 2011), *cert. granted*, 80 U.S.L.W. 3429 (U.S. Apr. 30, 2012) (No. 11-820) (not retroactive); *United States v. Orocio*, 645 F.3d 630 (3rd Cir. 2011) (retroactive). Given that even if *Padilla* applies retroactively, Mr. Rodriguez-Zamora's motion would still be untimely coupled with the fact that Mr. Rodriguez-Zamora was not prejudiced by any alleged ineffectiveness, *see* discussion *infra*, the Court need not determine the retroactive applicability of *Padilla* at this time. Moreover, the Supreme Court has granted certiorari on this issue. *See Chaidez v. United States*, 655 F.3d 684 (7th Cir. 2011), *cert. granted*, 80 U.S.L.W. 3429 (U.S. Apr. 30, 2012) (No. 11-820).

the motion is untimely.

**2. Prejudice**

Even if Mr. Rodriguez-Zamora's motion was timely, Mr. Rodriguez-Zamora would be unable to establish prejudice under *Strickland v. Washington,* 466 U.S. 668 (1984).

To demonstrate ineffective assistance of counsel, a defendant must establish deficient performance and prejudice. *Id*. at 687. "A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Prejudice analysis must not only focus on outcome determination but also on the question of whether or not "the result of the proceeding was fundamentally unfair or unreliable." *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994) (*quoting Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)). In the guilty plea context, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In other words, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*.

Mr. Rodriguez-Zamora contends that he received ineffective assistance of counsel when counsel failed to advise him that he would be deported as a result of his guilty plea. Mr. Rodriguez-Zamora further asserts that if he would have known that he faced deportation upon his release he would not have pled guilty and would have attempted to obtain a different agreement or would have gone to trial. Mr. Rodriguez-Zamora is unable to establish prejudice because he was subject to removal regardless of his plea.

8 U.S.C. § 1231(a)(5) provides:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

*See also Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 34-35 (2006). "[R]einstatement only requires proof that (1) petitioner is an alien, (2) who was subject to a prior removal order, and (3) who illegally reentered the United States." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007) (en banc). Here, Mr. Rodriguez-Zamora (1) is a native and citizen of Mexico and not a United States' citizen, (2) he was removed from the United States on or about April 28, 2005, and (3) he re-entered the United States without the permission of the United States Attorney General or the Secretary of the Department of Homeland Security. Accordingly, Mr. Rodriguez-Zamora was subject to removal regardless of his plea because of the prior removal order. Thus, Mr. Rodriguez-Zamora has failed to show "a reasonable probability that, but for" counsel's alleged failure to advise him of the immigration consequences of his guilty plea "he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

**B. 16-level Enhancement**

Mr. Rodriguez-Zamora also contends that the Court plainly erred by misapplying the Sentencing Guidelines when it imposed a 16-level enhancement for being previously deported after being convicted of a drug trafficking offense for which the sentence imposed exceeded 13-months. *See* U.S.S.G. § 2L1.2(b)(1)(A)(i). Relying on *United States v. Rodriguez-Ocampo*, 664 F.3d 1275 (9th Cir. 2011) (per curiam), Mr. Rodriguez-Zamora contends that he was not given the opportunity to challenge his prior removal thus, the removal cannot support the sentencing enhancement. In the signed plea agreement, Mr. Rodriguez-Zamora agreed to waive his right to collaterally attack his sentence.

A knowing and voluntary waiver of the right to collateral review in a negotiated plea agreement is enforceable in federal court. *See United States v. Navarro-Botello*, 912 F.2d 318, 319 (9th Cir. 1990); *see also United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (recognizing that a knowing and voluntary waiver of the right to bring a collateral attack is enforceable). "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *United States v. Anglin*, 215 F.3d 1064, 1068 (9th Cir. 2000). In determining whether a waiver was knowingly and voluntarily made, courts consider "the express language of the waiver and the facts and circumstances surrounding the signing and entry of the plea agreement, including compliance with [FED. R. CRIM. P. 11]." *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000).

6

Here, the facts and circumstances surrounding the signing and entry of the plea agreement and the express language of the waiver show that the waiver was knowingly and voluntarily made. The signed plea agreement provides that Mr. Rodriguez-Zamora, "knowingly and voluntarily agrees to waive all Constitutional and statutory rights to appeal her conviction and sentence, including, but not limited to an express waiver of appeal of this plea . . . and to attack collaterally her mental competence, and her plea, or her sentence, including but not limited to, filing a motion under 28 U.S.C. § 2255." (Doc. 10, p. 3:17-23). The plea agreement further provides that:

> This plea of guilty is freely and voluntarily made and is not the result of force, threats or promises, except for the promises set forth in this plea agreement. The defendant acknowledges and agrees that there have been no representations or promises from anyone as to what sentence the Court will impose.

(Doc. 10, p. 9:6-10).

At the plea hearing, Mr. Rodriguez-Zamora confirmed that he can read and understand English and that he read and understood the plea agreement. (Doc. 15, p. 5:25-6:11). Mr. Rodriguez-Zamora further confirmed that he understood that he was waiving his right to appeal. (Doc. 15, p. 8:12-20). Mr. Rodriguez-Zamora also acknowledged that his plea was not the result of force or threats. (Doc. 15, p. 9:21-23). Accordingly, the facts and circumstances surrounding the signing and entry of the plea agreement and the express language of the waiver show that Mr. Rodriguez-Zamora knowingly and voluntarily waived his right to collaterally attack his sentence. Thus, Mr. Rodriguez-Zamora's challenge to the 16-level enhancement imposed at sentencing, is barred by the collateral attack waiver.

**C. Certificate of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in a section 2255 proceeding unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 341-42 (2003). To meet this standard, the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; *or* that the questions are adequate to deserve encouragement to

proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (alteration in original) (internal quotation marks and brackets omitted) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  In the absence of a COA, no appeal in a section 2255 proceeding may be heard.  28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds that the issues are not debatable among jurists of reason.  *See Lambright*, 220 F.3d at 1024-25.  Accordingly, a COA is improper.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES Mr. Rodriguez-Zamora's section 2255 motion and a COA.  The clerk is directed to close Case No. 1:12-CV-00806-LJO.

IT IS SO ORDERED.

**Dated:    June 1, 2012**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE